UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY MURPHY, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | CAUSE NO. 3:19-CV-270 RLM-MGG |
| ) | |
| INDIANA FINANCE COMPANY, ) | |
| ) | |
| *Defendant* ) | |

OPINION AND ORDER

Indiana Finance Company's motion to compel production of Gregory Murphy's 2017-2020 credit reports and documents relating to the disputed status of his account with Indiana Finance currently pends before the court, as does Mr. Murphy's motion to file a sur-reply. For the following reasons, the court denies the motion to file a sur-reply and grants the motion to compel.

Indiana Finance moved to compel production under Fed. R. Civ. P. 37(a)(3)(B)(iv), contending that Mr. Murphy's response to its June 2020 request for production was incomplete or evasive, that he hasn't provided a legitimate reason for failing to provide complete copies of his past credit reports and related documents, and has "stonewalled" every attempt Indiana Finance has made to obtain those documents, including refusing to sign an authorization that would allow Indiana Finance to obtain the information directly from the credit reporting agencies.  Indiana Finance seeks attorneys fees and costs under Fed. R. Civ. P. 37(a)(5)(A) for what it perceives to be "patently unreasonable" behavior.

The court exercises broad discretion in determining whether Indiana Finance is entitled to the relief it seeks, *see* Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012);  Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002), and considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function". Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted). As the objecting party, Mr. Murphy bears the burden of showing why Indiana Finance's discovery request is improper. Medical Assurance Co., Inc. v. Weinberger, 295 F.R.D. 175 (N.D. Ind. Feb. 7, 2013); Gregg v. Local 305 IBEW, Cause No. 1:08-CV-160, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009). He hasn't met that burden.

The information Indiana Finance seeks is clearly relevant to the issues of causation and damages. *See* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(relevancy is construed broadly to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."); Gregg v. Local 305 IBEW, No. 1:08-CV-160, 2009 WL 1325103, at *1 (N.D. Ind. May 13, 2009).  Mr. Murphy doesn't suggest otherwise. He simply contends that Indiana Finance waited too long to ask for it and that he's fully complied with the original request for production. The record demonstrates otherwise.

In its June 16, 2020 request for production, Indiana Finance sought: "a copy of [plaintiff's] credit report for years 2016 to the present." Mr. Murphy responded that "[He] does not have any documents responsive to this Demand, other than the attached documents," which included excerpts of one (or two) 2018 reports and the first page of multi-page correspondences from two other potential lenders. But Mr. Murphy hasn't offered any explanation as to why he couldn't and shouldn't have obtained and produced the reports in their entirety, as requested. "[A]n evasive or incomplete…response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Mr. Murphy also contends that Indiana Finance didn't follow the proper procedures for obtaining "more discovery" regarding the reports; waited too long to file its second request for production and motion to compel; and can't seek to compel production of a document it never formally requested – an authorization that would allow Indiana Finance to obtain the credit reports and related documentation directly from the credit reporting agencies. The court disagrees.

Indiana Finance isn't seeking additional discovery, it's seeking discovery it requested in a timely fashion, but wasn't provided. It can't be faulted for trying to resolve the dispute and acquire the information without involving the court.

That Indiana Finance might have asked the court to intervene sooner doesn't make its motion to compel untimely. The court set an October 31, 2020 deadline for filing discovery-related motions and required a showing of

3

"extraordinary circumstances" for any motion filed after that deadline.[1] During the November 24 hearing on Indiana Finance's motion to extend the expert report deadline (which was filed before the deadline), the magistrate judge specifically addressed Mr. Murphy's failure to produce his past credit reports and directed Indiana Finance to file a motion if the parties couldn't resolve the dispute. In doing so, he impliedly granted a limited exception to the deadline for filing a motion to compel. When Mr. Murphy refused to sign an authorization for the release of his past credit reports and related documentation, Indiana Finance filed its motion to compel, as the court directed.

Mr. Murphy seeks leave to file a sur-reply to address Indiana Finance's failure to attach the relevant discovery requests to its motion, as Local Rule 26-2(b) requires, and to "properly" request the information it now seeks to compel – an authorization to obtain additional discovery from a third party. But Mr. Murphy was aware of the oversight when he filed his response and asserted that

---

[1] The scheduling order in this case set November 30, 2020 as the deadline for completion of all discovery and provided as follows:
> **[T]he last date to file any discovery-related nondispositive motion shall be 30 days prior to the discovery deadline. No motion to extend discovery or to continue other pretrial deadlines will be approved after this motion deadline unless for extraordinary reasons directed to the presiding judge.** Good cause will not be sufficient to constitute an extraordinary reason. Accordingly, the parties are advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines [or] motion to compel...well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

[Doc. No. 24].

he'd fully complied with Indiana Finance's request for his past credit reports, and chose not to object to the technical violation of the rule, arguing instead that Indiana Finance didn't specifically request an authorization until it was too late. Any technical breach has been corrected and Mr. Murphy has had ample opportunity to brief the issues. A sur-reply is unnecessary and unwarranted.

Mr. Murphy makes much of the fact that Indiana Finance sought to compel production of a signed authorization to release the reports, rather than the documents it actually requested, but it's a distinction without a difference. Indiana Finance seeks the court's assistance in getting complete copies of Mr. Murphy's past credit reports – the method by which they obtain those documents remains to be determined.

Mr. Murphy doesn't contend that the reports and related correspondence Indiana Finance seeks were "unreasonably cumulative or duplicative, or [could have been] obtained from some other source that was more convenient, less burdensome, or less expensive", is the only person authorized to obtain those documents from the credit reporting agencies, without written consent, and was required to do so.  *See* Bowman v. Consolidated Rail Corp., 110 F.R.D. 525, 526 (N.D. Ind. 1986) ("If the party to whom a request for production has been made has the legal right to obtain the documents sought to be produced, discovery can be had, even in the absence of actual possession.").  He neither complied with the request nor provided Indiana Finance with the authorization required to obtain

5

the reports directly from the agencies. His failure to do so violated Rule 37 and was patently unreasonable. The court can't condone such dilatory tactics.

Accordingly, the motion to compel [Doc. No. 37] is GRANTED, and Mr. Murphy is ORDERED to produce the complete credit reports for Indiana Finance by **May 14, 2021.** Indiana Finance is given 14 days from the date of this order to file a verified itemized statement of the time expended and rates billed in making its motion and Mr. Murphy is given 14 days to show cause, if any, why reasonable fees and costs shouldn't be awarded under Fed. R. Civ. P. 37(a)(5)(A).

SO ORDERED.

ENTERED:  April 29, 2021

/s/ Robert L. Miller, Jr.
Judge
United States District Court